IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CAMERON FOOTE, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY SENTENCE <br><br> Case No.  2:22-CR-392-CW <br><br> Hon. Clark Waddoups |

This matter is before the Court on the *pro se* motion of Defendant Cameron Foote, which was filed on December 22, 2025.  [ECF No. 112.]  On March 14, 2023, Mr. Foote was sentenced to a 60-month prison term—a term that matched both the statutory minimum sentence for his offense of conviction and his Rule 11(c)(1)(C) plea agreement.  [*See* ECF Nos. 42, 52, 53.]  According to Mr. Foote he has now completed 38 months of that sentence.  The gist of Mr. Foote's motion appears to be that under the "Big Beautiful Bill" he is entitled to "71% good time conduct" credit and, therefore, his sentence should be reduced to the time he has already served, and he should be released.  For the reasons discussed below, Mr. Foote's motion is DENIED.

ANALYSIS

In his motion, Mr. Foote invokes Federal Rule of Criminal Procedure 35(b) to modify his sentence. [*See* ECF No. 112 at 2.] There are several issues with Mr. Foote's motion. First, Rule 35(b) does not empower the Court to reduce or modify Mr. Foote's under these circumstances. Rule 35(b) may only be used to reduce a sentence when the United States has filed a motion asserting that the defendant has provided substantial assistance in the investigation or prosecution of another. No such motion has been submitted by the United States.[1]

Second, the Court is unaware of any provision under the One Big Beautiful Bill Act ("OBBBA"), Pub. L. 119-21, which was signed into law on July 4, 2025, that purports to provide for the sentencing credits asserted by Mr. Foote. There are two generally available sentencing credits neither of which are in the OBBBA. The most common and longstanding credit arises under 18 U.S.C. § 3624(b) and is known as "Good Conduct Time." *See also* 28 C.F.R. § 523.20. Section 3624(b) provides that a credit of "up to 54 days for each year" is available to a federal prisoner who has "displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b). A second and more limited credit is available to certain eligible federal prisoners under the First Step Act of 2018. Under the First Step Act such prisoners have the opportunity to earn 10 to 15 days of time credits

---

[1] Moreover, the other means by which the Court may modify a previously imposed term of imprisonment are either inapplicable or unavailable to Mr. Foote. *See, e.g.*, 18 U.S.C. § 3582(c)(1)(A) (permitting modification for "extraordinary and compelling reasons" or if the prisoner is "at least 70 years of age and has served at least 30 years in prison"); § 3582(c)(2) (permitting modification if the sentencing range used at sentencing was subsequently lowered by the U.S. Sentencing Commission).

for "every 30 days of successful participation in evidence-based recidivism reduction programs or productive activities." *See* 18 U.S.C. § 3632(d)(4)(A)(i)-(ii).

Even assuming Mr. Foote has earned Good Conduct Time or is eligible for time credits under the First Step Act (and his motion contains no factual assertions as to his entitlement to any such credits), as noted above Rule 35(b) does not permit the Court to reduce his sentence for those reasons.

Further, to the extent Mr. Foote has any concerns about his eligibility for such credits or the calculation of any such credits, that inquiry must first be raised with the Federal Bureau of Prisons through its Administrative Remedy Program. "'[T]he responsibility for calculating good conduct time lies, in the first instance, with the Attorney General who, in turn, has delegated this authority to the BOP.'" *United States v. Griffin*, No. CR-20-235, 2024 WL 4521378, at *1 (W.D. Okla. Oct. 17, 2024) (quoting *United States v. Herminio Garcia*, No. 5:13-cr-1404, 2019 WL 4394594, at *2 (S.D. Tex. July 25, 2019) (citing 28 C.F.R. § 0.96 and 18 U.S.C. § 3624(b)).

Generally, the initial step for Mr. Foote would be to contact the Administrative Remedy Coordinator or Clerk designated at his correctional institution.[2] Mr. Foote would then have to exhaust his administrative remedies before seeking any sort of relief in federal court. *See Griffin*, 2024 WL 4521378, at *1 (citations omitted); *Reed v. United States*, 262 F. App'x 114, 116 (10th Cir. 2008)

---

[2] Federal regulations afford federal prisoners administrative review of the computation of their credits, starting with an informal review and then escalating to the Central Office of the Bureau of Prisons. *See, e.g.*, 28 C.F.R. § 542.13 – § 542.1818.

(unpublished) (noting that where a "sentencing-credit determination" is at issue the prisoner must first permit the Bureau of Prisons to compute any credit and only after exhausting administrative remedies may the prisoner seek judicial review).

Mr. Foote's motion, however, does not make any assertion that he has contacted (formerly or informally) the Bureau of Prisons, let alone that he has exhausted any administrative remedy that may have been available to him. And even if Mr. Foote had established that he had exhausted all his administrative remedies, a motion concerning the calculation and execution of his sentence must be filed as a civil habeas petition under 28 U.S.C. § 2241—a motion that would be heard in the judicial district where Mr. Foote is confined, which is not the District of Utah. *See United States v. Frosch,* 496 F.Supp.2d 1018, 1019 (S.D. Iowa 2007); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence") (citation omitted).

Accordingly, and for all the reasons discussed above, **IT IS ORDERED** that Mr. Foote's motion [ECF No. 112] is **DENIED WITHOUT PREJUDICE**.

DATED this 26th day of January 2026.

BY THE COURT:

Clark Waddoups
United States District Judge